# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MOSER as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC, et al., | § § § § | |
| v. | § § | Civil Action No. 4:17-CV-00598 Judge Mazzant |
| NAVISTAR INTERNATIONAL CORPORATION, et al. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Navistar International Corporation, Navistar Inc., Navistar Leasing Company, Navistar Financial Corporation, Navistar Leasing Services Corporation, and ITA Truck Sales & Service, LLC's Motion to Bifurcate Trial (Dkt. #48). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff Christopher Moser ("Trustee"), as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC, Tango Logistx, LLC, Gorman Group, Inc., Tango Truck Services, LLC, Tango Enterprises, Inc., and GMGO, LLC, (collectively, "Tango") seeks to avoid a 2015 settlement agreement (the "Settlement Agreement") between Tango and Defendants as a constructively fraudulent transfer under 11 U.S.C. §§ 544 and 548 (Dkt. #66 at p. 1). The Trustee also seeks an award of damages or, in the alternative, a return of Tango's state-law claims released under the Settlement Agreement.

Defendants filed their Motion to Bifurcate on June 11, 2018 (Dkt. #48). Defendants request the Court seat two juries:

> The first jury should consider whether the Settlement Agreement should be avoided as a constructive fraudulent transfer under Bankruptcy Code §§ 548 and 544 and applicable state law. This determination requires the Trustee to prove (i) the insolvency of the Debtors at the time of the transfer and (ii) a lack of reasonably equivalent value having been exchanged in the Settlement Agreement at the time and within the context and circumstances of those settlement negotiations . . . .
>
> In the event the Trustee's claims survive the first trial, a second jury should determine what, if anything, the Trustee may recover under Bankruptcy Code § 550, which will require that jury to consider the merits of the underlying State Court Claims and the Defendants' defenses thereto.

(Dkt. #48 ¶ 4) (footnote omitted). The Trustee filed a response to Defendants' Motion to Bifurcate on July 2, 2018 (Dkt. #66). Defendants filed a reply in support of the Motion on July 9, 2018 (Dkt. #68).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." However, bifurcation "is not the usual course that should be followed." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citations omitted). The decision to bifurcate a trial is primarily procedural in nature and, therefore, federal procedural law controls. *Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984). The party seeking bifurcation of a trial bears the burden of proving that bifurcation is necessary. *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 662 (W.D. Tex. 2013) (quoting *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011)).

A motion to bifurcate is a matter within the sole discretion of the trial court. *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins.*

*Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). However, an important limitation on the court's discretion is that the issues to be bifurcated "must be so distinct and separate from the others that at trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305 (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)). This limitation exists for two reasons. First, the Seventh Amendment guarantee of a trial by jury is "the *general right of a litigant to have only one jury pass on a common issue of fact*." *Id.* (emphasis in original) (quoting *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)) (citing *Gasoline Products Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499–500 (1931)). Second, the "rule has an additional, pragmatic basis—if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Id.* (citing *Blue Bird Body Co.*, 573 F.2d at 318).

## ANALYSIS

Defendants provide three arguments to support their Motion to Bifurcate: (1) bifurcation may enable the parties to avoid a lengthy second trial; (2) bifurcation prevents prejudice to Defendants; and (3) Federal Rule of Evidence 408 mandates bifurcation (Dkt. #48). The Court addresses each argument in turn before determining that Defendants do not meet their burden of demonstrating that bifurcation is necessary.

### I. Convenience

Defendants first argue that bifurcation may enable the parties to avoid a lengthy second trial (Dkt. #48 ¶ 10). Defendants' argument is correct as a verdict for Defendants from the first jury would prevent the parties from trying the remaining claims to a second jury. However, Defendants do not consider the results of a verdict for the Trustee from the first jury.

If the first jury returns a verdict for the Trustee, the benefits of bifurcation identified by Defendants vanish. At the very least, bifurcating the trial would require the parties to repeat many stages of the first trial. For example, a second voir dire would be required to pick a second jury, and the parties would need to present opening statements and closing arguments again. A second voir dire presents a particular concern. It is this Court's practice to allow untimed voir dire to enable the attorneys to thoroughly vet the venire. In a case of this magnitude, the Court believes voir dire will require substantial time. Granting Defendants' Motion to Bifurcate could double the time required for jury selection if the first jury does not return a favorable verdict for Defendants.[1] Additionally, it is likely that there will be at least some evidentiary overlap between the two trials, requiring the parties to present the same evidence twice.

As demonstrated, bifurcating the trial will either shorten or prolong the time required to try this case. Accordingly, bifurcation does not necessarily expedite or economize the trial, as Defendants suggest. *See* FED. R. CIV. P. 42(b).

## II. Prejudice

Defendants next contend that this case "must be heard by separate juries to prevent substantial prejudice to Defendants." (Dkt. #48 ¶ 11). On one hand, Defendants contend "the first jury can consider only the facts then known and the circumstances then existing at the time of the settlement discussions between the parties, without the benefit of hindsight or an ultimate jury verdict on the merits of the State Court Claims." (Dkt. #48 ¶ 11). On the other hand, Defendants state the second jury "trying the damages portion of the case would be presented with all relevant evidence regarding claims and defenses concerning the alleged defects, including facts uncovered during discovery, without limiting the analysis to the knowledge of the parties at the time of

---

1. The Court notes this case is already scheduled for a month-long trial.

settlement." (Dkt. #48 ¶ 12). According to Defendants, "Failure to bifurcate the trial would undoubtedly allow inappropriate evidence to be considered by the single jury and would taint the jury's verdict on each of the issues." (Dkt. #48 ¶ 12).

Federal Rule of Evidence 105 enables the Court to restrict evidence to its proper scope and instruct the jury accordingly through limiting instructions. Further, the Court may include similar limiting instructions in its charge to the jury. Defendants do not cite any prejudice in their Motion or Reply that cannot be cured by these limiting instructions. For example, the Court could instruct the jury to consider "only the facts then known and the circumstances then existing at the time of the settlement discussions between the parties, without the benefit of hindsight" when considering the Trustee's §§ 548 and 544 claims while also instructing the jury to consider "all relevant evidence" when considering damages. As a result, the prejudice identified by Defendants does not warrant bifurcation.

### III. Rule 408

Defendants' final argument is that Federal Rule of Evidence 408 requires bifurcation. Defendants explain, "In no trial of the State Court Claims would a jury ever be permitted to learn of prior settlement discussions, internal valuation of claims, and prior dismissal of the suit." (Dkt. #48 ¶ 19). Defendants argue that instructions from the Court cannot prevent the settlement negotiations in this case from tainting any verdict on the State Court Claims (Dkt. #48). The Court disagrees. As mentioned above, the Court uses limiting instructions to restrict evidence to its proper scope. The Court believes a jury is perfectly capable of considering the settlement discussions under the Trustee's §§ 548 and 544 claims, without considering the evidence under the Trustee's § 550 claims.

## CONCLUSION

After a careful review of the pleadings, the Court does not find that bifurcation of the trial would avoid prejudice or serve to expedite and economize the trial. As a result, the Court will not exercise its discretion to bifurcate the trial. It is therefore ordered that Defendants' Motion to Bifurcate Trial is **DENIED** (Dkt. #48).

**IT IS SO ORDERED.**

SIGNED this 4th day of February, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE