| | | |
|---|---|---|
| CHRISTOPHER MOSER as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC, et al., | § § § § | |
| v. | § § | Civil Action No. 4:17-CV-00598<br>Judge Mazzant |
| NAVISTAR INTERNATIONAL CORPORATION, et al. | § § § § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Christopher Moser's ("Trustee"), as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC; Tango Logistx, LLC; Gorman Group, Inc.; Tango Truck Services, LLC; Tango Enterprises, Inc.; and GMGO, LLC (collectively, "Tango"), Motion to Dismiss Third-Party Complaint (Dkt. #45) and Navistar International Corporation; Navistar, Inc.; Navistar Financial Corporation; Navistar Leasing Company; and Navistar Leasing Services Corporation (collectively, "Navistar") Request for Clerk's Entry of Default (Dkt. #31). Having considered the motion and the relevant pleadings, the Court finds the Trustee's Motion to Dismiss should be denied (Dkt. #45). The Court orders the Clerk of the Court to enter default against Tango Leasing Corp.; BJG Logistics, L.L.C.; ADGO Marketing, LLC; Tango Motor Transit, LLC; and Bobby J. Gorman a/k/a B.J. Gorman (collectively, "Third-Party Defendants") pursuant to Navistar's Request for Clerk's Entry of Default (Dkt. #31).

### **BACKGROUND**

On April 6, 2016, Tango filed a Chapter 11 Voluntary Petition for Bankruptcy. *In re Tango Transport, LLC*, 16-40642, (Dkt. #1) (Bankr. E.D. Tex.). On November 18, 2016, the

Trustee filed this adversary proceeding. *Tango Transport, LLC v. Navistar Int'l Corp. (In re Tango Transport, LLC)*, 16-04109, (Dkt. #1) (Bankr. E.D. Tex.). On April 27, 2017, the Trustee filed its First Amended Complaint in the Bankruptcy Court. *Tango Transport, LLC*, 16-04109, (Dkt. #34). The Trustee seeks to avoid a 2015 settlement agreement ("Settlement Agreement") under 11 U.S.C. §§ 544(b)(1), 548, and 550. *Tango Transport, LLC*, 16-04109 (Dkt. #34).

In response to the Trustee's First Amended Complaint, Navistar filed a Third-Party Complaint against the Third-Party Defendants on June 2, 2017. *Tango Transport, LLC*, 16-04109, (Dkt. #58). Navistar—citing a "Defense, Indemnity, and Hold Harmless" provision of the Settlement Agreement—alleges in the Third-Party Complaint that the Third-Party Defendants must indemnify Navistar. *Tango Transport, LLC*, 16-04109, (Dkt. #58 ¶¶ 18–27).[1] On December 19, 2017, this Court, adopting the Report and Recommendation of the United States Bankruptcy Judge, withdrew the reference of the adversary proceeding to the Bankruptcy Court (Dkt. #3).

The Third-Party Defendants did not respond to the Third-Party Complaint (Dkt. #31). Navistar requested the Clerk of the Court enter default against the Third-Party Defendants on April 2, 2018 (Dkt. #31). The Trustee filed a response to Navistar's request for entry of default on April 6, 2018 (Dkt. #35). Navistar filed a reply on April 10, 2018 (Dkt. #36).

On June 4, 2018, the Trustee filed the motion to dismiss at issue (Dkt. #45). The Trustee argues the Court must dismiss the Third-Party Complaint for lack of jurisdiction because (1) Navistar's claims against the Third-Party Defendants are not ripe and (2) Navistar does not sufficiently allege subject matter jurisdiction in the Third-Party Complaint (Dkt. #45 at p. 3). Navistar filed a response to the Trustee's motion to dismiss on June 18, 2018 (Dkt. #57). On June 25, 2018, the Trustee filed a reply (Dkt. #62).

---

1. The Third-Party Defendants are parties to the Settlement Agreement but not debtors in this case (Dkt. #45 at p. 6).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

**ANALYSIS**

The Trustee argues the Court must dismiss the Third-Party Complaint for lack of jurisdiction because (1) Navistar's claims against the Third-Party Defendants are not ripe and (2) Navistar does not sufficiently allege subject matter jurisdiction in the Third-Party Complaint

(Dkt. #45 at p. 3). Navistar responds that (1) the Trustee lacks standing to challenge subject matter jurisdiction; (2) the Third-Party Defendants admitted the jurisdictional allegations alleged in the Third-Party Complaint; (3) the Trustee conceded subject matter jurisdiction; and (4) the Third-Party claims are ripe (Dkt. #57). The Court addresses each argument in turn.

## I. Standing

Navistar argues the Trustee lacks standing to challenge the Third-Party Complaint because the Trustee has no stake in the outcome of the Third-Party Complaint (Dkt. #57 at pp. 2–3). Regardless of whether the Trustee has standing to challenge the Third-Party Complaint, the Court must independently assess subject matter jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh*, 546 U.S. at 514) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh*, 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The Trustee's motion raises doubt as to the Court's jurisdiction over the Third-Party Complaint. Therefore, the Court must consider whether there is subject-matter jurisdiction over the Third-Party Complaint.

## II. Ripeness

The Trustee argues Navistar's third-party claims are not ripe because the right to indemnity does not arise until the underlying dispute is concluded (Dkt. #45 at pp. 4–7). Navistar responds maintaining the right to indemnity arises from the terms of the Settlement

Agreement (Dkt. #57 at pp. 5–7). As the party asserting federal jurisdiction, Navistar bears the burden of demonstrating the case is ripe. *See Menchaca*, 613 F.2d at 511.

"Under Article III of the Constitution, federal courts are confined to adjudicating "cases" and "controversies" . . . [a]nd to be a case or controversy for Article III jurisdictional purposes, the litigation 'must be ripe for decision, meaning that it must not be premature or speculative.'" *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 747 (2018) (quoting *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002)). "'A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical.'" *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). "'A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.'" *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (quoting *New Orleans Pub. Serv.*, 833 F.2d at 587).

The Settlement Agreement contains an indemnity provision stating:

> RELEASORS [Tango and Third-Party Defendants] further agree to indemnify and hold harmless RELEASEES [Navistar] from and against any future claims and/or action(s) by RELEASORS, their subrogees, assignees, successors and/or transferees, asserting any claims and/or causes of action which have been released by RELEASORS through this Settlement Agreement . . . .

*Tango Transport, LLC*, 16-04109, (Dkt. #58 ¶ 21). Navistar alleges the Trustee's adversary proceeding triggered the Third-Party Defendants' indemnity obligations under the Settlement Agreement. *Tango Transport, LLC*, 16-04109, (Dkt. #58 ¶¶ 22–27). Navistar seeks "[a]ll damages pursuant to the contractual indemnity in the Settlement Agreement," attorneys' fees, and costs. *Tango Transport, LLC*, 16-04109, (Dkt. #58 at pp. 8–9).

Courts typically look to state law to determine whether an indemnity claim is ripe. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536–37 (5th Cir. 2004); *Coregis Ins. Co. v. Sch. Bd. of Allen Par.*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) (citing *Northfield,* 363 F.3d at 536–37). The Settlement Agreement is to be construed and interpreted under Louisiana state law (Dkt. #45 at p. 5; Dkt. #39 ¶ 9).[2] The Trustee argues that under Louisiana law, a claim for indemnity is premature and, therefore, not ripe until the underlying action—in this case, the adversary proceeding—is complete (Dkt. #45 at 4–7). Navistar does not directly respond to the Trustee's argument or cite relevant Louisiana law (Dkt. #57). Instead, Navistar contends the Trustee mischaracterizes the Third-Party Complaint (Dkt. # 57 at pp. 5–7).

It is unclear whether Louisiana law supports the Trustee's argument. The Louisiana Supreme Court previously held, "[a]n indemnitor is not liable under an indemnity agreement until the indemnitee 'actually makes payment or sustains loss.'" *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 51 (quoting *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987)). "Therefore, a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." *Meloy*, 504 So. 2d at 839. On one hand, some Louisiana appellate courts interpret *Suire* and *Meloy* for the proposition that indemnity claims are premature before the underlying action is complete. *See*

---

2. The Settlement Agreement is not attached to the Third-Party Complaint or the Trustee's Motion to Dismiss. *See Tango Transport, LLC*, 16-04109, (Dkt. #58); (Dkt. #45). However, the Settlement Agreement is quoted and referred to in both filings. *See Tango Transport, LLC*, 16-04109, (Dkt. #58); (Dkt. #45 at p. 5 n.11). Further, both Navistar and the Trustee filed the Settlement Agreement as attachments to other motions (Dkt. #39; Dkt. #244-1). Considering the references and filings by both parties, the Court takes judicial notice of the existence and text of the Settlement Agreement. *See* FED. R. EVID. 201; *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)) ("The court's review [of a motion to dismiss] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."); *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.").

*Bates v. Alexandria Mall I, LLC*, 2009-361 (La. App. 3 Cir. 10/7/09), 20 So. 3d 1207, 1210; *Gentry v. W. Jefferson Med. Ctr.*, 05-687 (La. App. 5 Cir. 2/27/06), 925 So. 2d 661, 662. On the other hand, other Louisiana appellate courts distinguish between the right to "claim" indemnity and the right to "collect" indemnity. *See Pizani v. St. Bernard Par.*, 2012-1084 (La. App. 4 Cir. 9/26/13), 125 So. 3d 546, 552–55, *writ denied*, 2013-2601 (La. 2/7/14), 131 So. 3d 863 (finding district court did not abuse discretion in granting motion for leave to file a third-party demand for indemnity because a third-party claim for indemnity is not premature and promotes judicial efficiency); *Dean v. Entergy La., L.L.C.*, 10-887 (La. App. 5 Cir. 10/19/10), 2010 WL 9447498, at *4 (unpublished) ("*Meloy* and *Suire* stand for the proposition that an indemnity claim is premature until there is a determination that payment was made or loss sustained. They do not stand for the proposition that there is a prohibition from asserting the claim for indemnification in a third party demand. The Code clearly permits the filing of such third party demands."). Louisiana courts note the "conflicting jurisprudence" on the issue of "prematurity of a *third-party* demand for indemnification and defense . . . ." *Willis v. Frozen Water, Inc.*, 2015-0900 (La. App. 1 Cir. 12/23/15), 2015 WL 9466625, at *4 n.3, *writ denied*, 2016-0146 (La. 3/14/16), 189 So. 3d 1069 (emphasis in original); *see also Borgnemouth Realty Co. v. Par. of St. Bernard*, 2013-1651 (La. App. 4 Cir. 5/21/14), 141 So. 3d 891, 905, *writ denied*, 2014-1285 (La. 9/26/14), 149 So. 3d 266, *and writ denied*, 2014-1351 (La. 9/26/14), 149 So. 3d 269. Therefore, it appears there is at least some Louisiana case law supporting Navistar's ability to assert third-party indemnity claims at this time.

The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that

would entitle it to relief. *Lane*, 529 F.3d at 557. Here, Navistar may plausibly assert its third-party claims under Louisiana case law. Therefore, dismissal is improper at this time.

**III. Jurisdictional Allegations**

The Trustee next contends the Court lacks jurisdiction over the Third-Party Complaint because Navistar fails to sufficiently allege subject matter jurisdiction (Dkt. #45 at pp. 7–9). Navistar responds stating the Trustee waived his arguments in the Rule 26(f) report and the Third-Party Defendants admitted the jurisdictional facts alleged in the Third-Party Complaint by failing to file a responsive pleading (Dkt. #57 at pp. 3–5). The Court begins with Navistar's arguments.

Navistar first urges the Court not to consider the Trustee's arguments because the Trustee stated in the Rule 26(f) report that, "This Court has subject matter jurisdiction [over this case] . . . ." (Dkt. #57 at pp. 4–5; Dkt. #18 at p. 8). However, Navistar acknowledges, "Here again, this [argument] is not to suggest that the Court cannot consider subject matter jurisdiction at any time, but should reject the Trustee's urging that it do so." (Dkt. #57 at p. 4 n.2). As stated above, regardless of the parties' statements, the Court has an independent obligation to determine whether subject matter jurisdiction exists.

Next, Navistar argues the Third-Party Defendants admitted the jurisdictional facts alleged in the Third-Party Complaint by failing to file a responsive pleading (Dkt. #57 at pp. 3–4) (citing FED. R. CIV. P. 8(b)(6). Navistar's argument is misplaced. The Trustee maintains in its motion to dismiss that Navistar did not allege sufficient facts in the Third-Party Complaint to establish subject matter jurisdiction (Dkt. #45 at pp. 7–10). Therefore, the issue is not what facts the Third-Party Defendants admitted, but what facts Navistar excluded from the Third-Party Complaint.

"When bringing suit in federal court, '[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Vela v. Manning*, 469 F. App'x. 319, 320 (5th Cir. 2012) (alterations in original) (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000)). In the Third-Party Complaint, Navistar alleges the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1334 or under 28 U.S.C. § 1332.

Section 1334, lists the four types of cases over which federal courts have bankruptcy jurisdiction: (1) "cases under title 11;" (2) "proceedings arising under title 11;" (3) proceedings "arising in" a case under Title 11; and (4) proceedings "related to" a case under Title 11. *See Union Oil Co. of California v. Shaffer*, 563 B.R. 191, 198 (E.D. La.2016) (citing *Wood v. Wood (In the Matter of Wood)*, 825 F.2d 90, 92 (5th Cir. 1987)). "[P]roceedings are 'related to' bankruptcy cases where 'the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Wilborn v. Wells Fargo Bank* (*In re Wilborn*), 401 B.R. 872, 878 (Bankr. S.D. Tex. 2009) (second alteration in original) (quoting *Wood*, 825 F.2d at 93). The Third-Party Complaint alleges the "the United States District Court for the Eastern District of Texas . . . may possess 'related to' jurisdiction under 28 U.S.C. § 1334 over the third-party claims asserted herein by virtue of them arising out of the Settlement Agreement sought to be avoided by the Trustee in the Adversary Proceeding . . . ." *Tango Transport, LLC*, 16-04109, (Dkt. #58 ¶ 14). Although these jurisdictional allegations are certainly not thorough, Navistar's indemnity claim could conceivably affect the bankruptcy estate. For example, the Trustee suggests in his response to Navistar's request for the Clerk's entry of default, "Defendants perhaps hope to create some tension between a default judgment [on Navistar's indemnity claims] and a judgment in the Trustee's favor on his [avoidance] claims." (Dkt. #35 at

pp. 1–2). Therefore, because Navistar's third-party claims could conceivably affect the bankruptcy estate, the Court finds Navistar alleges sufficient jurisdictional facts to establish subject matter jurisdiction under § 1334.

IV. **Clerk's Entry of Default**

The Clerk of the Court did not respond to Navistar's request for entry of default because (1) the Trustee filed a response to Navistar's request and (2) the Trustee filed its motion to dismiss.

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141.

Navistar establishes in its request for entry of default that the Third-Party Defendants did not plead or otherwise respond to the Third-Party Complaint within the time required by Rule 12 (Dkt. #35). The Trustee responds to Navistar's request for entry of default arguing:

> [Navistar's] indemnity claims depend on enforcing a provision in the Settlement Agreement against the Third Party Defendants. Although default judgments against one party to a litigation have no preclusive effect against nondefaulting parties, courts have declined to enter a default judgment where doing so would create a risk of inconsistent judgments and have withheld entry of a default

10

> judgment until the claims relating to defaulting and non-defaulting parties can be resolved.
>
> . . . .
>
> No purpose will be served by the entry of default at this point. The Trustee therefore suggests that entry of a default, and subsequent proceedings regarding a default judgment, be withheld until the Trustee's claims against the Defendants are adjudicated.

(Dkt. #31). The Trustee's arguments concern the entry of a default judgment, not a clerk's entry of default. Accordingly, the Court finds no reason to prevent the Clerk of the Court from entering default at this time.

## CONCLUSION

It is therefore **ORDERED** that the Trustee's Motion to Dismiss Third-Party Complaint is **DENIED** (Dkt. #45).

It is further **ORDERED** that the Clerk of the Court shall enter default against the Third-Party Defendants pursuant to Navistar's request for entry of default (Dkt. #31).

**IT IS SO ORDERED.**

SIGNED this 20th day of February, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE