# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTOPHER MOSER as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC, et al., <br><br> v. <br><br> NAVISTAR INTERNATIONAL CORPORATION, et al. | Civil Action No. 4:17-CV-00598 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Navistar Leasing Company, Navistar Financial Corporation, and Navistar Leasing Services Corporation's (collectively, "Navistar") Motion for Protective Order (Dkt. #202). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied (Dkt. #202).

### BACKGROUND

Plaintiff Christopher Moser ("Trustee"), as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC; Tango Logistx, LLC; Gorman Group, Inc.; Tango Truck Services, LLC; Tango Enterprises, Inc.; and GMGO, LLC (collectively, "Tango") seeks to avoid a 2015 settlement agreement ("Settlement Agreement") under 11 U.S.C. §§ 544(b)(1), 548, and 550. *Tango Transport, LLC v. Navistar Int'l Corp. (In re Tango Transport, LLC)*, 16-04109, (Dkt. #34) (Bankr. E.D. Tex.). On January 11, 2019, Navistar filed its motion for protective order seeking to prevent the deposition of Navistar's in-house counsel Jamila Covington (Dkt. #202). On January 25, 2019, the Trustee filed a response to Navistar's motion (Dkt. #222). Navistar did not file a reply in support of the motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

Navistar requests the Court issue a protective order to prevent the Trustee from deposing Jamila Covington arguing: (1) courts strongly disfavor depositions of opposing counsel and (2) Covington's testimony is cumulative, privileged, and not crucial (Dkt. #202 ¶¶ 13-23). After considering Navistar's argument, the Court finds Navistar does not meet its burden of demonstrating the need for a protective order.

### I. Deposing Opposing Counsel

Navistar begins suggesting that courts generally disfavor depositions of opposing counsel (Dkt. #202 ¶¶ 14–15) (citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999)). In *Nguyen*, the Fifth Circuit stated that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances . . . ." 197 F.3d at 209 (footnotes omitted). The

Fifth Circuit explained this reasoning citing *Shelton*. *Id.* at 209 n.26 (alterations in original) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) ("discussing that deposing counsel opposite 'disrupts the adversarial system[,] . . . lowers the standards of the profession, . . . adds to the already burdensome time and costs of litigation[, and] . . . detracts from the quality of client representation"). The Fifth Circuit, assuming the applicability of three factors articulated in *Shelton*, found that the district court in *Nguyen* did not abuse its discretion in ordering depositions of opposing counsel because (1) no other means existed to obtain the information; (2) the information sought was relevant and non-privileged; and (3) the information was crucial to the preparation of the case. *Id.* at 208–09 (citing *Shelton*, 805 F.2d at 1327). Navistar urges the Court to apply the *Shelton* factors here.

*Shelton* does not apply here. Although Covington is Navistar's in-house counsel, she is not counsel of record in this case. The Trustee explains:

> Ms. Covington is not trial counsel or opposing counsel in the above-captioned litigation. She is not an attorney of record, she does not speak to opposing counsel (for formal or informal matters), she does not meet and confer with opposing counsel or the court, and she does not argue before the Court. In the Covington Affidavit, Ms. Covington explicitly says that she provides business advice to the Navistar Parties, though she also says she provides legal advice. In the matters relevant to this case, she is more akin to a business advisor for the Navistar Parties.

(Dkt. #222 at p. 7). As Covington is not opposing counsel, the reasons for disfavoring depositions of opposing counsel are not relevant to this order.

**II.    Testimony**

Navistar also contends the Court should issue a protective order because Covington's testimony is cumulative, privileged, and not crucial. Concerning any privileged knowledge the

3

Trustee may ask Covington about, Navistar may simply object or instruct Covington not to answer. *See* FED. R. CIV. P. 30(c)(2).[1]

Further, the Court finds Covington's testimony is not cumulative and is crucial to this case. As the Court previously examined in Navistar's motion to claw-back privileged documents, Covington played an important role in the settlement process that lies at the heart of this case (Dkt. #229). Additionally, the Trustee articulates seventeen different topics that could be covered in the deposition (Dkt. #222 at pp. 10–11). The Trustee claims other witnesses either did not provide testimony on these topics or offered conflicting testimony. As a result, the Court finds no reason to issue a protective order to prevent the Trustee from deposing Covington.

## CONCLUSION

It is therefore ordered that Navistar's Motion for Protective Order is hereby **DENIED** (Dkt. #202).

**IT IS SO ORDERED.**

**SIGNED this 20th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

1. The Trustee offers not to ask questions relating to the privileged portions of Covington's email addressed in the Court's previous order (Dkt. #222 at pp. 12–13; Dkt. #229).